UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DirecTV, Inc.,

                      Plaintiff,

                                              Civ. No. 03-5716 (RHK/AJB)
                                              **ORDER**

v.

Adam Levi Johnson,

                      Defendant.

---

On March 4, 2004, the parties to the above-entitled action executed a Settlement Agreement and Release.  (Helgen Aff. ¶ 3, Ex. A.)  On April 14, 2004, the parties filed a Stipulation For Abatement dated April 4, 2004, which provided:

> The parties hereto stipulate that the action filed herein against ADAM JOHNSON by the Plaintiff has been settled under certain contingencies that, under the terms of the settlement agreement, are to be completed by no later than one month past the last payment which is stated in the Payment Schedule.  The parties stipulate that the action against Mr. Johnson should be abated until that date, with the Court retaining jurisdiction, at which time either the parties will file a Stipulation for Dismissal or a Consent to Judgment and an Affidavit of Breach of Settlement Agreement.  The parties further stipulate that the subjoined order may be entered without further notice or presentation.

(Doc. No. 7.)  On April 15, 2004, the undersigned was informed by Magistrate Judge Boylan that he notified DirecTV's counsel that the Court had little interest in the proposed "abatement." (Email dated 4/15/04 on file with the Court.)

On that same day, April 15, 2004, the undersigned signed the following Order of Dismissal:

> The Court having been advised that the above action has been settled, the parties needing additional time to finalize a settlement agreement,
> IT IS HEREBY ORDERED that this action is dismissed with prejudice, the Court retains jurisdiction for sixty (60) days to permit any party to move to reopen the action, for good cause shown, or to submit and file a stipulated form of final judgment, or to seek enforcement of the settlement terms.

(Doc. No. 6.) The Order of Dismissal did not incorporate the terms of the Settlement Agreement or the Stipulation of Abatement, and the Court only retained jurisdiction for sixty days.

On March 22, 2005, DirecTV provided the Court with several documents. The first pertinent document is the Settlement Agreement and Release signed and dated March 4, 2004, which provides that Mr. Morgan will pay DirecTV $2,000. (Helgen Aff. Ex. A.) The Settlement Agreement also provides that the parties agree to the entry of the Stipulation and Proposed Order of Abatement and further provides that if Mr. Johnson fails to pay, the parties agree that DirecTV may file an executed Consent to Judgment. (Id.)

The second pertinent document is the Consent to Judgment signed and dated by Mr. Johnson on March 4, 2004. This document "authorize[s] the entry of a judgment in the amount of [$4,500] in favor of plaintiff DIRECTV, Inc., upon expiration of the stipulated Abatement of Action filed concurrently herewith if I materially breach paragraph '1. Payment' of the Settlement Agreement and Plaintiff files an Affidavit of Breach of Settlement Agreement indicating that I have not fulfilled my monetary obligations under the

Settlement Agreement." (Doc. No. 8.) The third document is the Affidavit of Henry M. Helgen, III, stating that Mr. Morgan has breached the Settlement Agreement. (Helgen Aff. ¶¶ 3-5.)

On April 14, 2005, the Court received a Second Affidavit of Henry M. Helgen, III, stating that Mr. Johnson is delinquent on his remaining three payments to DirecTV. (Doc. No. 11.) On May 23, 2005, the Court received a proposed Order For Judgment By Consent requesting that judgment be entered against Mr. Johnson in the amount of $4,500.

In the Court's view, DirecTV is seeking an order enforcing the Settlement Agreement. However, the Court determines that it lacks subject matter jurisdiction over the matter. Issues of subject matter jurisdiction can be raised at any time, even by the Court. See, e.g., Bueford v. Resolution Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993). Federal courts are courts of limited jurisdiction and parties may not expand the court's jurisdiction by waiver or consent. See 4:20 Communications, Inc. v. Paradigm Co., 336 F.3d 775, 778 (8th Cir. 2003). Enforcement of a settlement agreement by a court with jurisdiction over the underlying dispute is appropriate only where the agreement "had been made part of the order of dismissal." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 381 (1994). This can be accomplished in two ways. First, the court's dismissal order may incorporate the settlement agreement. Second, the court may explicitly retain jurisdiction over the settlement agreement. Hayden & Assocs., Inc. v. ATY Bldg. Sys., Inc., 289 F.3d 530, 532 (8th Cir. 2002). In this case, however, the Order of Dismissal did not incorporate the Settlement Agreement, and while the Court retained jurisdiction for sixty days, that

time has long since passed.[1]  Accordingly, because there is no subject matter jurisdiction,

DirecTV's request for an Order For Consent By Judgment is **DENIED**.  See 4:20

Communications, 336 F.3d at 778-79; Hayden, 289 F.3d at 532-33; Miener v. Missouri

Dep't of Mental Health, 62 F.3d 1126, 1127-28 (8th Cir. 1995).


Dated: May 26, 2005                                                     s/Richard H. Kyle
                                                                        RICHARD H. KYLE
                                                                        United States District Judge

---

[1] Notably, the Court also did not incorporate the terms of the Stipulation For Abatement, which apparently contemplated that the Court would retain jurisdiction during the time Mr. Johnson made payments to DirecTV and until "the parties . . . file a Stipulation for Dismissal or a Consent to Judgment and an Affidavit of Breach of Settlement Agreement."  (Doc. No. 7.)